all persons now having or who may have any estate or interest under the last will and testament of Matilda E. Coddington. When judgment was entered herein two of the testatrix's children mentioned in the clause of the will and in the second clause of the third codicil were living, to wit, Matilda E. Goodwin, who had two children, and Gilbert S. Coddington. who had no descendants. There were also living four grandchildren, the children of Clifford Coddington, and two grandchildren, the children of Jefferson Coddington, deceased, and Mary M. Moore. Emily M. Coddington alone answered, and she asked the court to decide (1) that under the clause of the will and codicil quoted she and her brother had a vested remainder in fee in one-fifth of No. 17 Wall street; (2) that in case of the death of any of the sons or daughters of the testatrix, without issue, Emily M. Coddington and her brother would take the share that their mother would have taken, if living. These requests were refused and exceptions taken. The court held that Emily M. Coddington and Andrew C. Coddington were not then entitled, by reason of the deaths of said Louisa Coddington and Clifford Coddington, to any present share or interest in possession in No. 17 Wall street and "that the rights and interests in remainder of said Andrew C. Coddington and said Emily M. Coddington are as stated in said will and codicil." To this decision the defendant excepted.—

FOLLETT, J. : By the clause in the will above quoted the testatrix devised to every one of her five children an estate for life in one-fifth part of No. 17 Wall street, and after the death of any one leaving children, to his or her children. In case one of the three sons should die without issue his one-fifth went in fee to his surviving brothers and sisters, and to the issue of any deceased brother or sister, such issue to take the parent's share. In case a daughter died without leaving issue her fifth of said premises went to the testatrix's granddaughter, Mary M. Moore, for life, and after her death to her issue, if any, but if she left no issue, to the testatrix's sons and daughters then living and to the issue of any deceased son or daughter, the issue to take the parent's share. After the death of her son Jefferson, leaving two children, Emily M. and Andrew C. Coddington, the testatrix executed a third codicil containing the provision above quoted. The question presented is, what change did the testatrix intend to make in the disposition which she made by her will of No. 17 Wall street? She reaffirms her division of the property into fifths and directs that the fifth devised in her will to Jefferson shall be divided into four equal parts, one of which parts she devised for life to each of her four children then surviving, Gilbert S., Clifford, Matilda E. and Louisa, "and after his or her death to the same person or persons who under and by virtue of said will shall be entitled to the remainder of the one-fifth therein devised for life to such child." Upon the death of Louisa Coddington, without issue, the remainder of the fifth "therein (in the will) devised for life to such child Louisa," went, not to any son of the testatrix, or to the children or issue of any deceased son of the testatrix, but to Mary M. Moore for life, and remainder to her issue, if any. The remainder of the one-fourth of the fifth devised in the will to Jefferson for life, but by the codicil devised to Louisa for life, goes under the codicil to the "same person or persons" to whom the remainder of the original fifth devised to her for life goes under the will, i. e., to Mary M. Moore for life, and remainder to her issue. Upon the death of Clifford Coddington leaving four children, the remainder of the fifth devised to him for life went, not

to the children of Jefferson, but to his own children in fee, and the remainder of the fourth of the fifth originally devised to Jefferson, but by the codicil to Clifford, goes to the "same persons"—his children The term "such child" is twice used in the clause of the codicil under consideration, and on the first occasion it refers beyond question to one of the four children of the testator then living, and we think it was last used in the same sense, and the term "same person or persons" includes the issue of the four children who take a life estate under the will as modified by the codicil, but does not include the children of her deceased son Jefferson. What interest Emily M. and Andrew C. Coddington may acquire, if any, by the death of Matilda E. Goodwin, Gilbert S. Coddington and Mary M. Moore, or of any one of them, can be determined only after those events. It may be that all of them will leave children, and it may be that neither Emily M. nor Andrew C. Coddington will survive any one of those events. The motion for a new trial should be denied, with costs to the plaintiff and to the guardian ad litem payable out of the estate. Van Brunt, P. J., and Parker, J., concurred.

In the Matter of Benjamin Lord.— Motion denied.

Morris Tolk, Respondent, v. James Lynch, Appellant.— Judgment affirmed, with costs. No opinion.

Fredericka Rabenstein, Respondent, v. The Manhattan Railway Company, Appellant.— Judgment affirmed, with costs. No opinion.

William Rabenstein, Respondent, v. The Manhattan Railway Company, Appellant — Judgment affirmed, with costs. No opinion.

Ichitaro Morimuro, Respondent, v. Mukuro Newa and Others, Appellants.— Motion to open default granted upon payment of costs and disbursements, referee's fees and allowances contained in the judgment and costs and disbursements of appeal, with a waiver of all costs or disbursements, which may have been incurred in the contempt proceedings and also upon appeal from order denying motion to punish for contempt. Upon these terms the defendant should be allowed to come in and defend in the action for an accounting. No opinion.

Ichitaro Morimuro and Others, Respondents, v. Mukuro Newa and Others, Appellants.— Order denying motion to punish for contempt affirmed, without costs. No opinion.

The Communipau Coal Company, Respondent, v. Albert Gray, Appellant.—Judgment affirmed, with costs.—

PER CURIAM : It was alleged in the complaint that prior to April, 1892, the plaintiff sold and delivered to the defendant coal of the value of $3,111.30; that shortly thereafter the defendant, being pressed for payment, represented to plaintiff that he was the owner of certain parcels of unincumbered real estate, and thereby induced the plaintiff to accept notes, aggregating $883.25, for coal delivered during the preceding months of September and October; that such representations were false, and knowledge of the fact coming to the plaintiff, it elected to return the notes and cancel the extension of credit which they were given to secure. The answer put in issue every allegation in the complaint and set up a counterclaim, to which the plaintiff interposed a reply. When the action came on for trial the defendant was permitted by the court to withdraw so much of his answer as alleged a counterclaim. Thereupon, the counsel for the plaintiff and Mr. Fromme, counsel for the defendant, caused to be entered upon the record in open court the following: "PLAINTIFF'S COUNSEL — How about the denial of the circumstance under which